CLEVELAND RYAN v. THE STATE.

No. 3528.   Decided April 28, 1915.

**Theft of Hog—Indictment—Possession.**

Where, upon trial of theft of hogs, the indictment failed to allege that the hogs were taken from the possession of any one, the same was fatally defective, and advantage could be taken of this defect for the first time in this court. Following Lyttleton v. State, 20 Texas Crim. App., 168, and other cases.

Appeal from the District Court of Polk. Tried below before the Hon. L. B. Hightower.

Appeal from a conviction of theft of hogs; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Campbell & Campbell,* for appellant.—On question of insufficiency of indictment: Garcia v. State, 26 Texas, 211, and cases cited in opinion.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of theft of hogs, and his punishment assessed at two years confinement in the State penitentiary.

The indictment in this case charged that appellant "did unlawfully and fraudulently take two heads of hogs, the same being the corporeal personal property of Guy Sutton, without the consent of the said Guy Sutton, and with the intent to deprive the said Guy Sutton of the value of the same, and to appropriate it to the use and benefit of him, the said Cleveland Ryan, against the peace and dignity of the State."

No motion was made to quash the indictment in the trial court, and the question of the sufficiency of the indictment is raised for the first time in this court, it being contended that the indictment alleges pos-

session in no one, and does not allege that the hogs were taken from the possession of Guy Sutton or any other person. It appears to be the unbroken rule of decision in this court that an allegation of the possession from whom the stolen property was taken is necessary; the statutory definition of theft makes it a necessary ingredient, and such allegation must be proved as made. Littleton v. State, 20 Texas Crim. App., 168; Case v. State, 12 Texas Crim. App., 228; Hall v. State, 22 Texas Crim. App., 632; Watts v. State, 6 Texas Crim. App., 263; Gadson v. State, 36 Texas Crim. Rep., 350, and other cases cited in sec. 1483, White's Ann. Penal Code, and sec. 785, Branch's Crim. Law.

There being no allegation of possession in anyone the indictment is invalid, and the judgment is reversed and the prosecution is ordered dismissed.

*Dismissed.*