EDITH TAYLOR v. THE STATE.

No. 5589.    Decided January 14, 1920.

**Theft—Information—Possession.**

Where the information for the offense of theft fails to allege from whose possession the alleged stolen property was taken, the same is fatally defective and the prosecution must be dismissed. Following: Hill v. State, 55 Texas Crim. Rep., 407, and other cases.

Appeal from the County Court of Jefferson County at Law No. 2. Tried below before the Hon. A. M. Rutan, judge.

Appeal from a conviction of theft; penalty, a fine of twenty-five dollars and thirty days confinement in the county jail.

The opinion states the case.

*H. B. Tucker,* for appellant.

*Alvin M. Owsley*, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—This appellant was convicted of the offense of theft, in the County Court at Law No. 2, of Jefferson County, and appeals to this Court.

We are met upon the threshold of our consideration of this case, with the fact that the complaint is fatally defective, in that it does not allege from whose possession the alleged stolen property was taken. This is necessary. Littleton v. State, 20 Texas Crim. App., 168; White v. State, 33 Texas Crim. Rep., 94; Mixon v. State, 28 Texas Crim App., 347; Hill v. State, 55 Texas Crim. Rep., 407.

For the error mentioned, the judgment of the trial court is reversed, and the prosecution dismissed.

*Dismissed.*