JAMES MELVIN BLEVINS V. THE STATE.

No. 22635. Delivered December 8, 1943.

The opinion states the case.

*William C. McDonald*, of San Angelo, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Theft is the offense; the punishment, ten years' confinement in the State penitentiary.

The indictment contained two counts: In the first count, the primary offense was charged as follows: " - - - - - - James Melvin Blevins did, then and there unlawfully and fraudulently take 588 diamond and wedding rings, marked with the Harry & Ben Frackman Co. jewelry stamp, a more particular description of such jewelry is to the grand jurors unknown, altogether of the value of $8792.58, the same being the corporeal personal property of E. F. Burger, without the consent of the said E. F. Burger, with the intent to deprive the said E. F. Burger of the value thereof, and with the intent to appropriate it to the use and benefit of him, the said James Melvin Blevins; - - - - - - -;".

In connection with this allegation, and as a part of the same count, it was charged that, prior thereto appellant had been convicted of an offense of like character—invoking the provisions of Art. 62, P. C. This count is fatally defective, in that there is no allegation that the alleged stolen property was taken from the possession of the alleged owner, or that it was taken from the possession of any person. In Ryan v. State, 76 Tex.

Cr. Rep. 510, 176 S. W. 49, we said: "It appears to be the unbroken rule of decision in this court that an allegation of the possession from whom the stolen property was taken is necessary; the statutory definition of theft makes it a necessary ingredient, and such allegation must be proved as made."

In the second count, the primary offense there charged is not subject to the defect above pointed out. Possession of the alleged stolen property was properly alleged therein. In connection with that allegation, appellant was charged with having been twice theretofore convicted of felonies of the same nature—thereby invoking the provisions of Art. 63, P. C.

Both counts were submitted to the jury, which was instructed to make a specific finding upon which count it found appellant guilty, in the event of conviction. In submitting the case to the jury, the same language was employed by the trial court as is contained in the first count. In order to find appellant guilty thereunder, the jury was not required to believe that the property was taken from the possession of any person. The jury found appellant guilty under the first count and expressly so stated in its verdict.

It thus appears that appellant's conviction is based upon a fatally defective indictment, which requires a reversal of the judgment and a dismissal of the prosecution.

Having so concluded, we refrain from discussing any other questions presented by the record before us.

The judgment of the trial court is reversed and the prosecution is ordered dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.