Robert Earl CLEMENTS, Appellant,

v.

The STATE of Texas, Appellee.

No. 36409.

Court of Criminal Appeals of Texas.

Feb. 12, 1964.

Clyde W. Woody, Houston (On Appeal Only), for appellant.

Dee D. Miller, Dist. Atty., Patrick H. Mulloy, Jr., Asst. Dist. Atty., Amarillo, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The offense is felony theft; the punishment, two years.

It is contended that this conviction is based upon a fatally defective count in the indictment. An examination of said count reveals that it fails to allege that the property was taken from the possession of the injured party or from any other party.

In considering the sufficiency of an indictment containing substantially the same allegations in charging felony theft this Court in Webb v. State, Tex.Cr.App., 336 S.W.2d 158, said:

"In view of our disposition of the case, a recitation of the facts will not be deemed necessary. Our attention has been called to a fundamental defect in the indictment in that nowhere therein is it alleged that the stolen property was taken from the possession of the injured party or from any other party.

"This question was before this Court in Ryan v. State, 76 Tex.Cr.R. 510, 176 S.W. 49, wherein this Court said:

"'No motion was made to quash the indictment in the trial court, and the question of the sufficiency of the indictment is raised for the first time in this court; it being contended that the indictment alleges possession in no one, and does not allege that the hogs were taken from the possession of Guy Sutton or any other person. It appears to be the unbroken rule of decision in this court that an allegation of the possession from whom the stolen property was taken is necessary; the statutory definition of theft makes it a necessary ingredient, and such allegation must be proved as made. Littleton v. State, 20 Tex.App. 168; Case v. State, 12 Tex. App. 228; Hall v. State, 22 Tex.App. 632, 3 S.W. 338; Watts v. State, 6 Tex. App. 263; Gadson v. State, 36 Tex. [App.] 350; and other cases cited in section 1483, White's Ann. Penal Code, 785, and section 785, Branch's Crim. Law.

"'There being no allegation of possession in any one the indictment is invalid, and the judgment is reversed, and the prosecution is ordered dismissed.'

"See also Taylor v. State, 86 Tex.Cr.R. 463, 217 S.W. 937, and Blevins v. State, 146 Tex.Cr.R. 390, 176 S.W.2d 173, and cases there cited."

The judgment is reversed and the prosecution under the indictment herein is ordered dismissed.

Opinion approved by the Court.