Ex parte James ROBINSON.

No. 69051.

Court of Criminal Appeals of Texas, En Banc.

Oct. 20, 1982.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

McCORMICK, Judge.

This is an application for a post conviction writ of habeas corpus. The record shows applicant was convicted on February 13, 1980, for possession of cocaine. He was assessed a term of eighteen years' confinement by the jury. Applicant gave notice of appeal. On August 26, 1980, notice of appeal was withdrawn.

Applicant first alleges that he was denied effective assistance of counsel at trial. Applicant presents a laundry list of actions he claims his attorneys failed to take. They include requesting a preliminary hearing; challenging the composition of the jury roll; taking affidavits from both State and defense witnesses so as to conduct better examination of witnesses; failing to file a

motion to quash the indictment, a motion for discovery, a motion for continuance, and a motion to suppress evidence because of applicant's illegal arrest; and finally, failing to make proper objections.

In reviewing the record before us, we would note that applicant has furnished us with only the statement of facts from the punishment hearing and the statement of facts from the hearing on the applicant's motion in arrest of judgment. Applicant was represented at the punishment hearing by trial counsel. However, he appeared at the later hearing with new counsel. Therefore, we can only review trial counsel's effectiveness based on the punishment hearing.

The sufficiency of an attorney's assistance must be gauged by the totality of the representation of the accused. *Passmore v. State,* 617 S.W.2d 682 (Tex.Cr.App. 1981); *Van Sickle v. State,* 604 S.W.2d 93 (Tex.Cr.App.1980) (State's Motion for Rehearing); *Ewing v. State,* 549 S.W.2d 392 (Tex.Cr.App.1977). The constitutional right to counsel, whether counsel is appointed or retained, does not mean errorless counsel or whose competency or adequacy of his representation is to be judged by hindsight. *Mercado v. State,* 615 S.W.2d 225 (Tex.Cr. App.1981). The right to effective assistance of counsel means counsel reasonably likely to render reasonably effective assistance of counsel. *Passmore v. State,* supra; *Cude v. State,* 588 S.W.2d 895 (Tex.Cr.App. 1979).

The record shows that at the punishment hearing the State merely reoffered all the evidence previously offered at the guilt-innocence phase of the trial. The State then rested. Defense counsel called applicant to the stand and conducted direct examination. Then, as the State cross-examined applicant, defense counsel effectively objected to the State's questioning, having several of his objections sustained. The defense rested and the State called R.C. Currin, an identification officer with the Harris County Sheriff's office. Through Deputy Currin, the State established appli-

cant as the same person convicted of an offense in Duval County, Florida. Defense counsel cross-examined Deputy Currin as to his qualifications and the quality of the fingerprints he was comparing. On redirect, the State offered State's Exhibit Number 4, a certified copy of the judgment and sentence from a conviction for possession of cocaine from Duval County, Florida. Defense counsel objected on the grounds that the case was then on appeal and thus it was not a final conviction. He did not offer any documentary proof of the pending appeal, and the court overruled the objection. Both sides then rested.

Applicant alleges that failure of his counsel to obtain documentary evidence of the pending appeal of the Florida conviction alone is sufficient to show ineffective assistance of counsel. The case of *Van Sickle v. State,* supra, is directly in point. In that case, the State used an Oklahoma plea of guilty to a grand larceny charge for impeachment of the defendant. No objection was raised by Van Sickle's counsel. At the hearing on Van Sickle's motion for new trial, his attorney introduced an authenticated copy of the Oklahoma court order. It showed that Van Sickle had pled guilty to a charge of grand larceny, that the judgment was deferred pending the outcome of probation, that Van Sickle had completed his probation, and that the case was discharged without judgment of guilt, with the plea being expunged from the record. Thus, the Oklahoma charge did not amount to a final conviction under Article 38.29, V.A.C.C.P., and the prosecutor should not have used the charges to impeach Van Sickle.

■ Van Sickle also argued his trial counsel was ineffective. This Court wrote:

"There is no set standard for deciding whether the facts of this particular case demonstrate ineffective assistance. In other facets of the trial, trial counsel adequately represented appellant. We find, based on the totality of circumstances, that the failure to timely obtain documentary evidence of the dismissal and expungement of the Oklahoma charge along with the consequent failure to

properly object to the admission of these matters at trial are not alone sufficient to show ineffective assistance of counsel." 604 S.W.2d at 98.

We would apply the same reasoning. Based on the totality of the representation contained in the record before us, we are not persuaded that trial counsel was ineffective.

■ Next, applicant complains that the prosecutors acted in bad faith in using the Florida conviction for impeachment when they knew an appeal was pending in the case. Once again, *Van Sickle* is directly in point.

"A prosecutor cannot inquire in good faith about a prior conviction if he knows that conviction is not final. *Goad v. State,* 464 S.W.2d 129 (Tex.Cr.App.1971); see also *Cohron v. State,* 413 S.W.2d 112 (Tex.Cr.App.1967). However, the prosecutor must have actual knowledge that the conviction is not final in order to support a finding of bad faith. See *Smith v. State,* 409 S.W.2d 409 (Tex.Cr. App.1966). Nor is the prosecutor obligated to inquire into whether the conviction is final. Id. In this case, defense counsel told the prosecutor that the conviction was invalid. Nevertheless, in the absence of documentary proof, the prosecutor was free to disbelieve these statements." *Van Sickle v. State,* 604 S.W.2d at 97, 98.

In the case at bar, applicant failed to produce authenticated documentation that his Florida conviction was on appeal. Thus, the prosecutors never had actual knowledge that the conviction was not final. Applicant has failed to show the prosecution acted in bad faith.

■ Next, applicant alleges the trial court abused his discretion in not admitting documentation of the pending appeal into evidence at the hearing on applicant's motion to arrest judgment. He contends such documentation should have been admitted pursuant to Article 3731a, Section 1, V.A. C.S. Initially, we hold that this is a matter which should have been raised on direct appeal. Since applicant dismissed his ap-

peal, he waived error, if any, in this area. In addition, we hold that such evidence of the pending appeal was available to applicant and his counsel at the time of trial. They were not diligent in securing documentary proof. Thus, this cannot be termed newly discovered evidence. Applicant was not entitled to a new trial, and the trial judge did not abuse his discretion.

■ Finally, applicant alleges the indictment is fatally defective because it does not state on its face that the property was taken from the possession of another party. Applicant cites as authority *Clements v. State,* 375 S.W.2d 304 (Tex.Cr.App.1964). *Clements* is totally inapplicable in that it concerns a conviction for felony theft. Applicant was indicted for possession of a controlled substance under Article 4476–15, Section 4.04(a), V.A.C.S. (1976). The indictment in pertinent part reads as follows:

"... on or about September 24, 1979, did then and there unlawfully intentionally and knowingly possess a controlled substance, namely, cocaine."

The indictment properly sets out the elements of the offense. The indictment is not fatally defective. See *Ex parte Perez,* 618 S.W.2d 770 (Tex.Cr.App.1981).

Having reviewed applicant's allegations and having found no error, the relief is denied.

ROBERTS and TEAGUE, JJ., concur.

CLINTON, J., dissents.