Curtis Lee STEWART, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–87–00396–CR.

Court of Appeals of Texas,
Dallas.

March 24, 1988.

Noel Portnoy, Dallas, for appellant.

Leslie McFarlane, Dallas, for appellee.

Before HOWELL, HECHT and
THOMAS, JJ.

HOWELL, Justice.

Appellant Curtis Lee Stewart appeals his conviction for aggravated sexual assault resulting in a life sentence. Appellant urges that he was denied the effective assistance of counsel at the trial level and that the State used its peremptory strikes in such a manner as to deny appellant a racially neutral jury containing sufficient members of his own race. We have considered the briefs of both counsel and hold that appellant's contentions are without merit. The judgment is affirmed.

Following a trial upon a plea of not guilty, the jury returned a guilty verdict. At the punishment phase, the State introduced evidence of four prior convictions for robbery and attempted aggravated sexual abuse. Appellant's attorney neither objected nor offered evidence attacking the validity of these convictions. However, it was later determined that, except for one robbery conviction, three of the four prior convictions had been declared void by the Court of Criminal Appeals in collateral proceedings. Before us, appellant bases his ineffectiveness of counsel point on his attorney's failure to timely seek the exclusion of the void prior convictions. In this connection, we note that none of the prior convictions were alleged for enhancement purposes. Therefore, appellant's counsel had no advance notice that the State would attempt to place them in evidence until the pen packets were actually offered.

In reviewing appellant's claim of ineffective assistance, we must follow *Ex parte Cruz,* 739 S.W.2d 53 (Tex.Crim.App.1987):

> [T]he effectiveness of counsel [is] to be judged by a single standard under the Sixth Amendment: "reasonably effective assistance of counsel." Under this standard the sufficiency of an attorney's assistance is gauged by the totality of the representation of the accused. This constitutional right to counsel does not mean errorless counsel whose competency is to be judged by hindsight. The right to effective assistance of counsel means counsel reasonably likely to render reasonably effective assistance of counsel. [citations omitted]

*Cruz,* 739 S.W.2d at 58. *Cruz* holds that the *Strickland* standard does not apply to sentencing proceedings in non-capital cases. *Id.* at 57; *see also Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984).

The instant case is similar to *Van Sickle v. State,* 604 S.W.2d 93 (Tex.Crim.App. 1980) (on rehearing). In *Van Sickle,* the defendant testified on his own behalf. During cross-examination, the prosecutor impeached his credibility by introduction of an F.B.I. "rap sheet" indicating a conviction for grand larceny in Oklahoma. At the hearing on his motion for new trial, it was brought out that the Oklahoma conviction was a deferred adjudication pending successful completion of probation and, at the time of trial, it was not final for impeachment purposes.

Van Sickle's attorney knew in advance of the status of the Oklahoma conviction, yet he failed to obtain the documentary proof necessary to show that it was not usable for impeachment purposes. Van Sickle argued that such failure constituted ineffective assistance of counsel. The court disagreed, holding that, based on the totality of circumstances, the failure to timely obtain documentary evidence concerning the Oklahoma conviction along with the failure to properly object was not sufficient to show ineffective assistance of counsel. *Van Sickle,* 604 S.W.2d at 98. *See also Ex Parte Robinson,* 639 S.W.2d 953, 955 (Tex. Crim.App.1982) (counsel not ineffective for failure to obtain documentary proof of pending appeal of Florida conviction which the State put into evidence at punishment phase).

In the case in hand, appellant alleges that counsel was ineffective in failing to object to the convictions as void. However, appellant has made no showing that his attorney knew or had reason to know that the convictions were void.[1] Appellant has not shown that counsel's failure to object to the introduction of the convictions was unreasonable.

Appellant also urges that he was denied the effective assistance of counsel at the guilt-innocence phase because trial counsel failed to object to bolstering testimony. In reviewing this point, we apply the *Strickland* standard for reviewing counsel's efficacy at trial. *See Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App.1986) (adopting *Strickland* test). *Strickland* mandates that appellant show: 1) that counsel's performance was deficient, and 2) that the deficient performance prejudiced appellant. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. There is a presumption to be overcome by appellant that counsel's performance was adequate. *Id.* at 689, 104 S.Ct. at 2065. Additionally, appellant must identify with specificity the acts or omissions that form the basis of his claim of ineffective assistance. *Id.*

Appellant alleges that counsel's failure to object to testimony on grounds of bolstering was deficient. The complaining witness made an in-court identification of appellant as the man who had sexually assaulted her. She also testified that she

---

1. We note that appellant himself knew of the void nature of the prior convictions, as they were voided in response to appellant's *pro se* writs of habeas corpus. Nevertheless, he has made no showing in the trial court or allegation on appeal that he caused his counsel to know of the defects therein. Rather, appellant bases his ineffectiveness claim upon counsel's failure to discover facts already known to appellant. *See Strickland,* 466 U.S. at 691, 104 S.Ct. at 2066 (reasonableness of counsel's action may be substantially influenced by defendant's own statements).

had identified appellant's picture in a photographic line-up at the police station. On cross-examination, counsel for appellant attempted to impeach the complainant's identification by establishing that she had been drinking, and that appellant's appearance had changed since the incident. After the defense rested, the State called as a witness the officer that had exhibited the line-up to the victim. This officer testified that the victim picked appellant's picture from the line-up without difficulty.

■ We hold that counsel's performance was not rendered deficient by his failure to object on the grounds of bolstering. Bolstering occurs when a party admits evidence for the sole purpose of adding credibility to some earlier *unimpeached* piece of evidence offered by that same party. *Pless v. State*, 576 S.W.2d 83, 84 (Tex.Crim.App. 1978) (emphasis added). The rebuttal testimony of the line-up officer was not subject to objection since the earlier testimony (complainant's testimony) had been impeached. Counsel's performance cannot be held deficient for failure to make an improper objection.

We hold that appellant has not shown any act or omission by his trial counsel which rendered his assistance ineffective. Appellant's first point of error is overruled.

In his second point of error, appellant urges this court to reverse his conviction because he "was denied a racially neutral jury containing sufficient members of his own race". In *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the Supreme Court held that a prosecutor may not systematically exclude venirepersons based solely upon race. Under *Batson*, appellant must show that he is a member of a cognizable racial group and that the prosecutor used his peremptory strikes for the purpose of excluding members of the venire who were of the same race as appellant. Once this showing has been made, the State must give a racially-neutral explanation for the exclusion of the minority jurors. *See Batson*, 106 S.Ct. at 1722–24.

Appellant is black. At trial, the State used three of ten peremptory strikes to exclude black members of the jury panel. One black served on the jury. Before the trial commenced, counsel for appellant requested a *Batson* hearing to determine if the State had used its peremptory strikes in a racially discriminatory manner. The court requested the prosecutor to provide race-neutral reasons for exclusion of the black venirepersons. The State contended that venire-person number 3 was excluded because he had a bumper sticker on his car reading "Same day, same bullshit," and because he had been with his employer for only two months. Number 11 was struck because she had been on the job only one day and her employer was not pleased that she had already been called for jury duty. Also, number 11 was twenty-two years old and single with two young children. Number 30 was excluded because the prosecutor thought she had smiled at the defendant and had expressed some reservation about sitting in judgment upon the defendant. Upon hearing the race-neutral reasons provided by the prosecutor, the court overruled appellant's *Batson* objection and allowed the peremptories to stand.

Our review on this point of error is a familiar one. We must reverse only if the evidence, viewed in a light most favorable to the court's ruling, could not support a finding by a rational factfinder that the peremptory strikes were based on race-neutral criteria. *Tompkins v. State*, No. 68, 870, slip op. at 8 (Tex.Crim.App., Oct. 7, 1987); *see also Keeton v. State*, 724 S.W.2d 58, 65 (Tex.Crim.App.1987) (trial court's finding of fact given "great deference" by reviewing court). We cannot examine the reasons given for exclusion and decide whether they were or were not reasonable, for that would constitute an impermissible substitution of our judgment for that of the trial court. *Tompkins*, slip op. at 8.

■ We have reviewed the record of the voir dire examination and the *Batson* hearing and conclude that the trial court, as factfinder, could have rationally accepted the State's non-racial reasons for exclusion

of the black venirepersons. Appellant's second point of error is overruled.

The judgment is affirmed.