**Opinion filed April 26, 2012**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00113-CR
_____

## LAURA SUZANNE WEAVER, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 220th District Court**

**Comanche County, Texas**

**Trial Court Cause No. CCCR-10-03247**

## M E M O R A N D U M   O P I N I O N

The jury convicted Laura Suzanne Weaver, appellant, of the offense of forgery and assessed her punishment at two years in a state jail facility and a fine of $2,500. We affirm.

Briona Keith was a cashier at the Brookshire's grocery store in Comanche in September 2009. While she was on duty at Brookshire's on September 11, 2009, a woman came to the store to purchase a prescription. The prescription was for Vicoprofen, a narcotic pain medication containing hydrocodone, and was in the name of Lisa Watson. The prescription had been transferred from a pharmacy in Round Rock. The woman paid for the prescription with a check.

Keith recognized the woman as someone who had been in the store two weeks earlier. At that time, the woman used the name "Laura Weaver" and produced her driver's license with that name on it. Keith was shown a photo lineup and identified appellant as the person who gave her the check to pay for the prescription. Comanche law enforcement officers contacted law enforcement officers in Georgetown. Those officers administered photo lineups and two Georgetown physicians identified appellant, but she was known to them as Lisa Watson.

The check that appellant used to pay for the Vicoprofen was written on a closed account that formerly belonged to Sylvia Moyer. Moyer is appellant's mother. The check was originally written in October 2007 to the Gatesville P.T.O. and sent to appellant's children for a fundraiser at their school. The fundraiser was subsequently cancelled. Both the name of the payee on the check and the amount of the check had been altered without Moyer's permission, and she signed a forgery affidavit.

Based upon these facts, Comanche authorities arrested appellant, and this conviction followed.

Appellant presents us with what we take as one issue on appeal with several subparts. Appellant complains that her trial counsel was ineffective in failing to file pretrial motions, failing to object to certain pieces of evidence, and failing to object to various aspects of the State's closing argument.

In order to prevail on a claim of ineffective assistance of counsel, appellant must show that trial counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999); *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). The adequacy of the attorney's assistance is based upon the totality of the representation. *Ex parte Robinson*, 639 S.W.2d 953, 954 (Tex. Crim. App. 1982). Effective assistance does not mean errorless counsel or one whose competency and adequacy is to be judged in hindsight. *Mercado v. State*, 615 S.W.2d 225, 228 (Tex. Crim. App. 1981).

In addition, in matters of strategy and tactics, the actions of defense counsel will be presumed competent. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002) (trial

2

record will rarely contain sufficient information to show trial counsel's performance was deficient in strategic or tactical realm). Counsel cannot be called ineffective merely because a given trial strategy did not work. *Saylor v. State*, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983). It is also unreasonable to judge one attorney by what another might have done. *Mercado*, 615 S.W.2d at 228. Finally, the defendant has the burden to show, by a preponderance of the evidence, that counsel failed to render effective assistance. *McFarland v. State*, 845 S.W.2d 824, 844 (Tex. Crim. App. 1992).

*Failure to File Pretrial Motions*

During the trial, the State asked Moyer if appellant had a history of prescription narcotic abuse; she answered, "I suspect it, yes." Appellant contends that, if her trial counsel had requested notice under TEX. R. EVID. 404(b) (evidence of other crimes, wrongs or acts), he would have known that the State was going to offer evidence of appellant's drug addiction. Other than the drugs that appellant purchased with the forged check, Moyer's testimony was the only evidence that appellant might be addicted to prescription narcotics. At the motion for new trial hearing, appellant's trial counsel testified that the State had an open file policy and that he did not see the need to file any additional discovery motions. Appellant's trial attorney felt he had done all that was necessary and knew the evidence that the State was going to present. Appellant has not shown that counsel was ineffective when he did not file a Rule 404(b) request.

*Failure to Object to Testimony Concerning the Nature of Vicoprofen*

Sharon Abbey, the pharmacist at Brookshire's, testified that Vicoprofen—the drug that appellant bought with the forged check—is a combination of ibuprofen and hydrocodone. Abbey testified that hydrocodone is a "schedule three" medication, meaning it is an abusable medication and a "highly addictive narcotic." She testified that there are many people who are addicted to hydrocodone and that it has a "high street value." Abbey also testified that there was no reason to suspect that this was not a valid prescription and that she filled it.

This evidence arguably is relevant to show a motive on the part of appellant to commit the forgery. *See Taylor v. State*, 920 S.W.2d 319, 321 (Tex. Crim. App. 1996) (extraneous offense may be admissible to prove motive). Appellant also contends that her trial attorney should have objected to the evidence on the basis that its probative value was substantially outweighed by the danger of unfair prejudice if admitted into evidence. *See* TEX. R. EVID. 403.

Although appellant was using two different names, there is no evidence that the prescription was fraudulent. The evidence concerning the addictive nature of Vicoprofen could be taken as suggesting that appellant was abusing the drug. However, balancing the probative value of the evidence against the unfair prejudice would have been a decision for the trial court to make had appellant's trial counsel made the objection. Because we may not substitute our judgment for that of the trial court, we cannot say that the trial court would have been required to sustain a Rule 403 objection had one been made. *See Montgomery v. State*, 810 S.W.2d 372, 389 (Tex. Crim. App. 1991) (appellate court does not conduct a de novo review of the trial court's decision on a Rule 403 balancing issue). Appellant has not shown that her trial counsel was ineffective for failing to object to this testimony. *See also id.* at 389 (Rule 403 favors the admissibility of relevant evidence). Even if we were to hold that trial counsel was ineffective—which we do not—appellant has not shown that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687; *Hernandez*, 988 S.W.2d at 772; *Hernandez*, 726 S.W.2d at 55.

*Failure to Object to Mother's Testimony*

As noted above, appellant's mother testified that she suspected that her daughter had a history of prescription narcotic abuse. Even if we were to hold that this is evidence of a character trait to which appellant's trial attorney should have objected under TEX. R. EVID. 404(a), appellant has not satisfied the second prong of *Strickland*—that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687; *Hernandez*, 988 S.W.2d at 772; *Hernandez*, 726 S.W.2d at 55. Given the overwhelming weight of the evidence in favor of appellant's guilt, we cannot say that the result of the trial would have been different had trial counsel objected and successfully excluded this evidence. *See Ex parte Walker*, 777 S.W.2d 427, 430 (Tex. Crim. App. 1989); s*ee also Farrar v. State*, 701 S.W.2d 32, 36 (Tex. App.—Houston [14th Dist] 1985 pet. ref'd) (isolated failures to object to certain procedural mistakes or improper evidence do not constitute ineffective assistance of counsel).

*Failure to Object to the State's Closing Argument*

Appellant complains about trial counsel's failure to object to two jury arguments made by the State. First, appellant faults her trial counsel for his failure to object to the State's closing

argument in which the prosecutor stated that appellant's husband was in jail for prescription fraud. The prosecutor said, "Ladies and Gentlemen, this is really a sad case. I mean her husband's in jail for prescription fraud, she's here, but that's not why we are here today." Although there was evidence that appellant's husband was incarcerated, there was no evidence that he had been convicted of or charged with prescription fraud, and the argument was, thus, objectionable. *See Borjan v. State*, 787 S.W.2d 53, 57 (Tex. Crim. App. 1990). The argument, however, could have been to remind the jury not to decide the case based upon sympathy. Although technically objectionable, it could have been a matter of trial strategy not to call further attention to the argument by objecting to it. Additionally, trial counsel might have wanted to curry the sympathy of the jury by having this information in front of them. Appellant has not shown that trial counsel's representation fell below an objective standard of reasonableness, and neither has she shown that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687; *Hernandez*, 988 S.W.2d at 772; *Hernandez*, 726 S.W.2d at 55.

Second, appellant maintains that she received ineffective assistance from her trial attorney when he did not object to the State's closing argument in which the State referred to appellant's alleged drug dependency. Even assuming that appellant has satisfied the first prong of Strickland, she has not established, given the overwhelming evidence of appellant's guilt in this case, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687; *Hernandez*, 988 S.W.2d at 772; *Hernandez*, 726 S.W.2d at 55.

We overrule each subpart of appellant's issue on appeal.

The judgment of the trial court is affirmed.


PER CURIAM

April 26, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

5