Opinion filed April 26,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00113-CR

                                                    __________

 

                           LAURA
SUZANNE WEAVER, Appellant

 

                                                             V.

 

                                       
STATE OF TEXAS, Appellee



 

                                   On
Appeal from the 220th District Court

 

                                                        Comanche
County, Texas

 

                                            Trial Court
Cause No. CCCR-10-03247

 



 

M
E M O R A N D U M   O P I N I O N

            The jury convicted Laura Suzanne Weaver, appellant, of the offense of
forgery and assessed her punishment at two years in a state jail facility and a
fine of $2,500.  We affirm.

            Briona
Keith was a cashier at the Brookshire’s grocery store in Comanche in September
2009.  While she was on duty at Brookshire’s on September 11, 2009, a woman
came to the store to purchase a prescription.  The prescription was for
Vicoprofen, a narcotic pain medication containing hydrocodone, and was in the
name of Lisa Watson.  The prescription had been transferred from a pharmacy in
Round Rock.  The woman paid for the prescription with a check.

            Keith recognized the woman as someone who had been
in the store two weeks earlier.  At that time, the woman used the name “Laura
Weaver” and produced her driver’s license with that name on it.  Keith was
shown a photo lineup and identified appellant as the person who gave her the
check to pay for the prescription.  Comanche law enforcement officers contacted
law enforcement officers in Georgetown.  Those officers administered photo
lineups and two Georgetown physicians identified appellant, but she was known
to them as Lisa Watson.

The
check that appellant used to pay for the Vicoprofen was written on a closed
account that formerly belonged to Sylvia Moyer.  Moyer is appellant’s mother.  The
check was originally written in October 2007 to the Gatesville P.T.O. and sent
to appellant’s children for a fundraiser at their school.  The fundraiser was
subsequently cancelled.  Both the name of the payee on the check and the
amount of the check had been altered without Moyer’s permission, and she signed
a forgery affidavit.

Based
upon these facts, Comanche authorities arrested appellant, and this conviction
followed.  

Appellant
presents us with what we take as one issue on appeal with several subparts.  Appellant
complains that her trial counsel was ineffective in failing to file pretrial
motions, failing to object to certain pieces of evidence, and failing to object
to various aspects of the State’s closing argument.  

            In
order to prevail on a claim of ineffective assistance of counsel, appellant
must show that trial counsel’s representation fell below an objective standard
of reasonableness and that there is a reasonable probability that, but for
counsel’s unprofessional errors, the result of the proceeding would have been
different.  Strickland v. Washington, 466 U.S. 668, 687 (1984); Hernandez
v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999); Hernandez v. State,
726 S.W.2d 53, 55 (Tex. Crim. App. 1986).  The adequacy of the attorney’s
assistance is based upon the totality of the representation.  Ex parte
Robinson, 639 S.W.2d 953, 954 (Tex. Crim. App. 1982).  Effective
assistance does not mean errorless counsel or one whose competency and adequacy
is to be judged in hindsight. Mercado v. State, 615 S.W.2d 225, 228
(Tex. Crim. App. 1981).
            In addition, in matters of strategy
and tactics, the actions of defense counsel will be presumed competent.  See
Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002) (trial record will
rarely contain sufficient information to show trial counsel’s performance was
deficient in strategic or tactical realm).  Counsel cannot be called
ineffective merely because a given trial strategy did not work.  Saylor v.
State, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983). It is also unreasonable
to judge one attorney by what another might have done.  Mercado,
615 S.W.2d at 228. Finally, the defendant has the burden to show, by a preponderance
of the evidence, that counsel failed to render effective assistance.  McFarland
v. State, 845 S.W.2d 824, 844 (Tex. Crim. App. 1992).

Failure
to File Pretrial Motions

            During
the trial, the State asked Moyer if appellant had a history of prescription narcotic
abuse; she answered, “I suspect it, yes.”  Appellant contends that, if her
trial counsel had requested notice under Tex.
R. Evid. 404(b) (evidence of other crimes, wrongs or acts), he would
have known that the State was going to offer evidence of appellant’s drug
addiction.  Other than the drugs that appellant purchased with the forged
check, Moyer’s testimony was the only evidence that appellant might be addicted
to prescription narcotics.  At the motion for new trial hearing, appellant’s
trial counsel testified that the State had an open file policy and that he did
not see the need to file any additional discovery motions.  Appellant’s trial
attorney felt he had done all that was necessary and knew the evidence that the
State was going to present.  Appellant has not shown that counsel was
ineffective when he did not file a Rule 404(b) request.  

Failure
to Object to Testimony Concerning the Nature of Vicoprofen

            Sharon
Abbey, the pharmacist at Brookshire’s, testified that Vicoprofen—the drug that appellant
bought with the forged check—is a combination of ibuprofen and hydrocodone. 
Abbey testified that hydrocodone is a “schedule three” medication, meaning it
is an abusable medication and a “highly addictive narcotic.”  She testified
that there are many people who are addicted to hydrocodone and that it has a
“high street value.”  Abbey also testified that there was no reason to
suspect that this was not a valid prescription and that she filled it.

            This
evidence arguably is relevant to show a motive on the part of appellant to
commit the forgery.  See Taylor v. State, 920 S.W.2d 319, 321 (Tex.
Crim. App. 1996) (extraneous offense may be admissible to prove motive).
 Appellant also contends that her trial attorney should have objected to
the evidence on the basis that its probative value was substantially outweighed
by the danger of unfair prejudice if admitted into evidence.  See Tex. R. Evid. 403.  Although appellant
was using two different names, there is no evidence that the prescription was
fraudulent.  The evidence concerning the addictive nature of Vicoprofen could be
taken as suggesting that appellant was abusing the drug.  However, balancing
the probative value of the evidence against the unfair prejudice would have
been a decision for the trial court to make had appellant’s trial counsel made
the objection.  Because we may not substitute our judgment for that of the
trial court, we cannot say that the trial court would have been required to sustain
a Rule 403 objection had one been made.   See  Montgomery
v. State, 810 S.W.2d 372, 389 (Tex. Crim. App. 1991) (appellate court does
not conduct a de novo review of the trial court’s decision on a Rule 403
balancing issue).   Appellant has not shown that her trial counsel
was ineffective for failing to object to this testimony.  See also id. at
389 (Rule 403 favors the admissibility of relevant evidence).  Even if we were
to hold that trial counsel was ineffective—which we do not—appellant has not
shown that there was a reasonable probability that, but for counsel’s
unprofessional errors, the result of the proceeding would have been different.  Strickland,
466 U.S. at 687; Hernandez, 988 S.W.2d at 772; Hernandez, 726
S.W.2d at 55.

Failure
to Object to Mother’s Testimony

            As
noted above, appellant’s mother testified that she suspected that her daughter
had a history of prescription narcotic abuse.  Even if we were to hold
that this is evidence of a character trait to which appellant’s trial attorney
should have objected under Tex. R. Evid.
404(a), appellant has not satisfied the second prong of Strickland—that
there was a reasonable probability that, but for counsel’s unprofessional
errors, the result of the proceeding would have been different.  Strickland,
466 U.S. at 687; Hernandez, 988 S.W.2d at 772; Hernandez, 726
S.W.2d at 55.  Given the overwhelming weight of the evidence in favor of appellant’s
guilt, we cannot say that the result of the trial would have been different had
trial counsel objected and successfully excluded this evidence.  See
Ex parte Walker, 777 S.W.2d 427, 430 (Tex. Crim. App. 1989); see also
Farrar v. State, 701 S.W.2d 32, 36 (Tex. App.—Houston [14th Dist] 1985
pet. ref’d) (isolated failures to object to certain procedural mistakes or
improper evidence do not constitute ineffective assistance of counsel).

Failure
to Object to the State’s Closing Argument

            Appellant
complains about trial counsel’s failure to object to two jury arguments made by
the State.  First, appellant faults her trial counsel for his failure to object
to the State’s closing argument in which the prosecutor stated that appellant’s
husband was in jail for prescription fraud.  The prosecutor said, “Ladies and Gentlemen,
this is really a sad case.  I mean her husband’s in jail for prescription
fraud, she’s here, but that’s not why we are here today.”  Although there was
evidence that appellant’s husband was incarcerated, there was no evidence that
he had been convicted of or charged with prescription fraud, and the argument was,
thus, objectionable.  See Borjan v. State, 787 S.W.2d 53,
57 (Tex. Crim. App. 1990).  The argument, however, could have been to
remind the jury not to decide the case based upon sympathy.  Although
technically objectionable, it could have been a matter of trial strategy not to
call further attention to the argument by objecting to it.  Additionally, trial
counsel might have wanted to curry the sympathy of the jury by having this
information in front of them.  Appellant has not shown that trial counsel’s
representation fell below an objective standard of reasonableness, and neither
has she shown that there is a reasonable probability that, but for counsel’s
unprofessional errors, the result of the proceeding would have been different. 
Strickland, 466 U.S. at 687; Hernandez, 988 S.W.2d at 772; Hernandez,
726 S.W.2d at 55.

            Second,
appellant maintains that she received ineffective assistance from her trial
attorney when he did not object to the State’s closing argument in which the
State referred to appellant’s alleged drug dependency.  Even assuming that
appellant has satisfied the first prong of Strickland, she has not established,
given the overwhelming evidence of appellant’s guilt in this case, that there is
a reasonable probability that, but for counsel’s unprofessional errors, the
result of the proceeding would have been different.  Strickland, 466
U.S. at 687; Hernandez, 988 S.W.2d at 772; Hernandez, 726 S.W.2d
at 55. 

            We
overrule each subpart of appellant’s issue on appeal.

            The
judgment of the trial court is affirmed.

 

                                                                                                PER
CURIAM

April 26, 2012

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.