William Dejesus PULGARIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–81–0576–CR.

Court of Appeals of Texas, Houston (1st Dist.).

May 20, 1982.

James R. Moriarty, Houston, for appellant.

Larry Urquhart, Asst. Dist. Atty., Houston, for appellee.

Before SMITH, PRICE and STILLEY, JJ.

OPINION

PRICE, Justice.

This is an appeal from a conviction for delivery of cocaine. The court assessed punishment at sixteen years confinement.

The evidence reflects that Officer Dimambro, while working undercover, negotiated with one John Garcia to purchase a large quantity of cocaine. Arrangements were made to complete the transaction on the parking lot of a Safeway store. The police set up surveillance around the parking lot. After the initial contact was made in the parking lot, Garcia made a few phone calls and within an hour the appellant drove up in a white Dodge. The appellant drove behind the Safeway store and Officer Dimambro and John Garcia followed. Officer Dimambro observed appellant getting out of the car. Dimambro was told to wait back in the front and a few minutes later Garcia appeared wearing a knapsack. Once Officer Dimambro saw the white packages of powder inside the knapsack, he signaled to the other officers, and the appellant and Garcia were arrested. One of the other officers testified that he saw appellant give Garcia the knapsack behind the Safeway store.

In his first two grounds of error, the appellant complains that the trial court erred in submitting a charge to the jury that authorized a conviction upon a theory unsupported by the evidence.

The charge, in the primary paragraph that applied the law to the facts, authorized a conviction if the jury found that the appellant delivered "by actual transfer to R. A. Dimambro, ... cocaine." This was the same allegation made in the indictment. The appellant maintains that this theory is unsupported by the evidence. He contends that this evidence shows that the appellant was guilty of delivery only by a "constructive transfer." "Constructive transfer" has been interpreted to be the transfer of a controlled substance, either belonging to an individual or under his control, by some other person or agency at the instance or

direction of the individual accused of such constructive transfer. *Rasmussen v. State*, 608 S.W.2d 205 (Tex.Cr.App.1980). Because the evidence in the instant case reveals that the appellant, out of the sight and presence of Officer Dimambro, gave a knapsack containing cocaine to John Garcia, who brought the knapsack to Officer Dimambro, we agree that this shows nothing more than a constructive transfer rather than an actual transfer as alleged.

■ However, there was no objection to the above questioned charge calling the courts attention to this error as required by Article 36.14 V.A.C.C.P. Consequently, before any such error is declared harmful, we must find that the error was calculated to injure the rights of the appellant denying him a fair and impartial trial. Article 36.19 V.A.C.C.P.; *Carrillo v. State*, 566 S.W.2d 902 (Tex.Cr.App.1978). To do this, we must examine the quality of the evidence as well as the remaining portions of the court's charge.

■ After reviewing the record, we find that the evidence is clear that the appellant is guilty under the theory of "actual transfer" only as a party while acting in concert with John Garcia. We further find that the charge contains the abstract definition of "parties" as well as the application of the law to the facts. Because of the quality of the evidence and the charge on "parties," we feel that the jury was not misled and the error created by the charge did not injure the rights of the appellant sufficient to render his trial unfair. *Carrillo*, supra. The appellant's first ground is overruled.

In his second ground of error, appellant contends that the trial court erred in the submission of its charge to the jury because the charge authorized a conviction upon a theory not alleged in the indictment to wit: the delivery of cocaine by constructive transfer. He argues that because the definitional portion of the charge defines "delivery" in terms of "actual" or "constructive" transfer, the jury was confused and misled into believing that they could convict under either theory of transfer. We disagree.

The definition of delivery as defined in the charge states:

" 'Deliver' or 'delivery' means the actual or constructive transfer from one person to another of a controlled substance, whether or not there is an agency relationship.... "

■ Broad definitions do not constitute reversible error. *Jones v. State*, 576 S.W.2d 393 (Tex.Cr.App.1979). The part of the court's charge to which the reviewing court normally looks in determining reversible error is the part that applies the law to the facts. *Thomas v. State*, 587 S.W.2d 707 (Tex.Cr.App.1979). Because that portion of the charge that applied the law to the facts only authorized a conviction if the jury finds "actual transfer," as alleged in the indictment, and not "constructive transfer," the appellant's second ground of error is overruled.

■ In his final ground of error, the appellant complains that the trial court erred in submitting to the jury an abstract charge of "parties," which did not accurately apply the law to the facts of the case. The appellant claims that the paragraph in the charge which applies the law of parties to the facts of the case is erroneous because it did not require the jury to find that John Garcia committed the criminal act of "actual transfer" of a controlled substance for which appellant could be held responsible. We disagree.

The paragraph authorizing a conviction on the law of parties states in pertinent part:

Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, William Dejesus Pulgarin, either by his own misconduct unlawfully intentionally and knowingly deliver, by actual transfer, to R. A. Dimambro, a controlled substance, namely, cocaine, in Harris County, Texas, on or about the 10th day of October, 1980, or the defendant, William Dejesus Pulgarin, acting with intent to encourage, direct, aid, or attempt to aid John Garcia to commit the offense charged, as defined above ... you will find the defendant guilty.

The paragraph applying the law of parties to the facts refers to the appellant's actions "with intent to encourage, direct, aid or attempt to aid John Garcia to commit the offense charged, as defined above..." The subject of the text immediately preceding the quoted language specifically mentions "actual transfer." When this paragraph is read as a whole, it is clear that the jury was required to find that Garcia made an actual transfer of cocaine.

The appellant's third ground of error is overruled and the judgment is affirmed.