Carl Raymond HARPER, Appellant,

v.

STATE of Texas, Appellee.

No. A14–82–874CR.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 22, 1983.

Discretionary Review Refused June 13, 1984.

E. Stanley Topek, Houston, for appellant.

Calvin A. Hartmann, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

**530**

## OPINION

DRAUGHN, Justice.

Carl Raymond Harper pled guilty to a charge of robbery and his enhanced punishment was set at seventy-five years imprisonment. Appellant now contends that the enhancement of the sentence was improper because the trial judge had stated in court that the state had abandoned the enhancement paragraph. We find that while the judge made such an oral pronouncement, all of the written records, including the written judgment, indicate that the enhancement paragraph had not been abandoned. We hold that the written judgment controls the oral announcement, and accordingly affirm the judgment.

Appellant was charged in a two count indictment with the offense of aggravated robbery. Count One contained three paragraphs: paragraph one alleged the primary offense of robbery; paragraph two was an enhancement paragraph alleging a prior conviction in Cobb County, Georgia; and paragraph three was another enhancement conviction in Fulton County, Georgia. Count Two of the indictment also contained three paragraphs. The first alleged another primary offense of robbery, while the last two paragraphs contained the identical enhancement paragraphs as Count One. When appellant appeared in court, the judge informed him that upon the State's motion Count One was being abandoned and dismissed in its entirety and that "the third paragraph of Count two [was] being abandoned and dismissed." Thus, the judge had stated that the enhancement conviction in Fulton County, Georgia was being dismissed. Appellant thereafter pled guilty to the Count Two offense of robbery, "not true" to the allegation of conviction in Cobb County (paragraph two of the indictment) and pled "true" to the conviction in Fulton County (paragraph three of the indictment). Appellant now contends that since the Fulton County conviction had orally been dismissed and since he pled "not true" to the Cobb County conviction, there was no basis for enhancing the sentence.

While it is correct that the oral judgment stated that paragraph three, the Fulton County conviction, was being abandoned and dismissed, it is apparent from the remainder of the record that paragraph two, the Cod County conviction, was abandoned instead. Appellant pled "true" in open court to the Fulton County conviction alleged in paragraph three and admitted the same in the stipulation of evidence. The State's motion to dismiss and the court's docket sheet also show that paragraph two was abandoned. Finally, the court's judgment states that paragraph two, not paragraph three, was abandoned. The entire record makes it abundantly clear that paragraph two was dismissed and that the judge simply made a misstatement as to paragraph three. We therefore hold that the conviction was properly enhanced. *Cf. Eubanks v. State*, 599 S.W.2d 815, 817 (Tex.Crim.App.1980) (written order of court in probation revocation proceedings controls over oral announcement).

The judgment is therefore affirmed.