**Larry Lee HENDERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–83–580–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

July 26, 1984.

Gregg Glass, Houston, for appellant.

Calvin Hartmann, Asst. Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

## OPINION

CANNON, Justice.

This is an appeal from an order revoking probation. On January 19, 1979, appellant was convicted of auto theft. The court assessed punishment at seven years con-

finement. Sentence was suspended and appellant was placed on probation.

On May 20, 1983, the State filed a motion to revoke appellant's probation. The State's motion alleged that appellant committed the offense of delivery of a controlled substance. In one paragraph, the motion alleged delivery "by actual transfer." The second paragraph alleged delivery "by constructive transfer." After a hearing, the trial court revoked appellant's probation and sentenced him to seven years confinement. Appellant raises two grounds of error challenging the validity of the underlying conviction and the revocation of probation. We affirm.

In his first ground of error, appellant contends that the conviction should be reversed because there was no waiver of jury trial signed by him and filed with the court when he entered his plea of guilty. Appellant's complaint is factually incorrect. The record contains a Waiver of Trial by Jury signed by appellant on January 19, 1979, the same day he entered his guilty plea. (The State's motion to supplement the record with the waiver in question was granted on February 2, 1984). Appellant's first ground of error is overruled.

In his second ground of error, appellant argues that the trial court abused its discretion in revoking appellant's probation for delivery of a controlled substance "by actual transfer and by making an offer to sell." Appellant argues that while his conduct might be construed as a constructive delivery of a controlled substance, the court failed to make such a finding and the evidence supports neither an actual transfer nor an offer to sell.

■ It is true that the trial judge made the oral finding that appellant "did on May the 16th, 1983, in Harris County, Texas, deliver by *actual transfer* to K.G. Blair a controlled substance and that he did deliver *by offering to sell* to K.G. Blair a controlled substance." (Emphasis added). However, a written order revoking probation controls over an oral pronouncement of the trial judge. *Clapper v. State*, 562 S.W.2d 250, 251 (Tex.Crim.App.1978).

Here, the trial court's written order states that appellant "committed the offense of *delivery of a controlled substance* on May 16, 1983 in Harris County, Texas." (Emphasis added).

■ Under the Controlled Substances Act "delivery" includes the "constructive transfer" of a controlled substance. Tex. Rev.Civ.Stat.Ann. art. 4476–15, § 1.02(8) (Vernon 1976). A "constructive transfer" is the transfer of a controlled substance, either belonging to an individual or under his control, by some other person or agency at the instance or direction of the individual accused of such constructive transfer. *Pulgarin v. State*, 635 S.W.2d 195 (Tex. App.—Houston [1st Dist.] 1982, no writ). *See Rasmussen v. State*, 608 S.W.2d 205, 209 (Tex.Crim.App.1980).

Houston police officer K.G. Blair testified that when he asked appellant for half of a gram of cocaine, appellant responded: "you can get the half a gram." Appellant then directed another man named "Ben" to give the cocaine to Officer Blair. Officer Blair gave $50.00 to "Ben" in exchange for the cocaine. These facts demonstrate appellant's control over the cocaine in that he exercised authority over a third party and directed that party to conduct the transfer.

■ The evidence supports the State's allegation of "constructive transfer" and the written order of the trial court that appellant was guilty of "delivery of a controlled substance." Appellant violated the condition of his probation that he "commit no offense against the laws of this or any other state or of the United States." We find that the trial court did not abuse its discretion in revoking appellant's probation.

The judgment of the trial court is affirmed.