Clemmie Lee JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–85–431–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 9, 1986.

Gus A. Saper, Houston, for appellant.

John B. Holmes, Jr., Houston, for appellee.

Before JUNELL, DRAUGHN and EL-LIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Clemmie Lee Jackson, appeals from a judgment of conviction for the offense of attempted murder. Appellant entered a plea of not guilty. The jury found appellant guilty and assessed punishment at ten (10) years confinement in the Texas Department of Corrections plus a fine of ten thousand dollars ($10,000). The jury recommended the ten (10) year confinement be probated but the fine be paid. The trial court placed appellant on probation for a term of ten (10) years. We affirm.

Appellant presents seven points of error in which he asserts that: (1) the order of restitution in the judgment must be set aside since the record shows no evidence supporting the amount of restitution ordered; (2) the order of restitution must be set aside since the amount of restitution should have been submitted to the jury as the trier of fact; (3) the conviction must be set aside because the trial court's denial of appellant's Motion for New Trial, without allowing appellant to file the Motion, denied appellant due process of law guaran-

teed him by the Texas and United States Constitutions; (4) the conviction must be set aside since appellant was denied effective assistance of counsel guaranteed by the Texas and United States Constitutions; (5) the conviction must be set aside since the ineffective assistance of counsel rendered him by his attorneys denied appellant due process of law guaranteed by the Texas and United States Constitutions; (6) the community-service condition of probation must be set aside since it is vague and uncertain; and (7) the judgment and condition of probation ordering appellant to pay his fine at the rate of two hundred dollars ($200) per month must be reformed to comport with the oral order of the trial court at the time of sentencing.

On January 26, 1985, at approximately 9:00 p.m., John Earl Richardson, the complainant, went to his barn to feed his horses. Richardson testified that he found appellant in his barn. Appellant threatened Richardson and fired five shots before Richardson remembered he had a gun and fired back twice, using the only two bullets in his gun.

When Richardson started back out of the barn, appellant shot him. The bullet entered his left buttock and exited several inches below his navel. Richardson walked to a nearby apartment complex where he told someone to call the police and an ambulance. He was taken to Ben Taub Hospital.

Dr. Edmond Owen testified that he operated on Richardson at Ben Taub on the night of January 26, 1985. Portions of Richardson's small and large intestine were removed, resulting in a temporary colostomy.

A witness, Noble Naylor, sitting in a car near Richardson's barn on the night of January 26, 1985, testified he heard shots and saw someone speeding away in a car which almost hit his own car. He recorded the license number of the car, gave the number to an unknown man and woman that evening, and several days later gave the number to Richardson, after his discharge from hospital. Richardson had pre-

viously been given the same number by another person and had already given it to the police.

A Harris County deputy tax assessor-collector, Major Lynn Rose, testified that the license plate number was registered to an automobile owned by appellant since 1977. Appellant was arrested several weeks after the offense.

The complainant identified appellant from a photographic array and later made an in-court identification of appellant as the person who shot him.

■ In his first point of error, appellant contends that because there is no evidence in the record to support the amount of restitution ordered, the condition of probation ordering restitution should be set aside. However, the record clearly reflects the fact that a hearing on the amount of restitution had begun on May 23, 1985 (the day on which the jury assessed punishment) and was continued to the following day. It is obvious the amount of restitution had been agreed to by appellant's counsel and the State prior to the continuation of the hearing on May 24, 1985:

> THE COURT: The Court has continued this hearing from yesterday to today. The Court is going to modify the conditions of probation, Clemmie Lee Jackson. The Court is going to order you to make restitution to the Complainant ... *[F]or the record has that amount been agreed to between the Defense and the State?*
> PROSECUTOR: *Yes, it has.*
> APPELLANT's COUNSEL: *Yes, that is correct.* (emphasis added).

Appellant's first point of error is overruled.

■ In appellant's second point of error, he maintains that the order of restitution in the judgment must be set aside because the amount of restitution had not been submitted to the jury as the trier of fact. Appellant's position, apparently based on his erroneous contention that restitution is part of punishment to be assessed by the jury, is patently incorrect. As the Texas Code of Criminal Procedure clearly states,

the court alone determines the conditions of probation:

> The court having jurisdiction of the case *shall* determine the terms and conditions of probation.... Terms and conditions of probation may include, but shall not be limited to, the conditions that the probationer shall:
>
> \*      \*      \*      \*      \*      \*
>
> (8) [M]ake restitution or reparation in any sum that the court *shall* determine ... Tex.Code Crim.Proc.Ann. art. 42.12, sec. 6(a)(8) (Vernon Supp.1986) (emphasis added).

We overrule appellant's second point of error.

■  In appellant's third point of error, he claims that the trial court's "denial" of his Motion for New Trial, without allowing him an opportunity to file the motion, denied him due process of law guaranteed him by Article I, Sec. 19 of the Texas Constitution and the Fourteenth Amendment to the United States Constitution.

The record reflects that on May 24, 1985, the trial court informed appellant he had thirty (30) days in which to file a Motion for New Trial. Appellant responded, "We will file a motion for a new trial ..." whereupon the court stated, "That Motion is denied."

A motion for new trial, if filed, shall be filed prior to or within 30 days after the date the sentence is imposed or suspended in open court. Tex.Code Crim.Proc.Ann. art. 40.05(a) (Vernon Supp.1986). Appellant asserts he was not offered an opportunity to file a Motion for New Trial. However, there is no evidence in the record showing appellant attempted at any time to file such a motion. The right to file and have heard a motion for new trial is deemed absolute, provided the right is asserted within the time specified by law. *Synagogue v. State,* 122 Tex.Cr.R. 472, 55 S.W.2d 1052, 1053 (1932). A mere statement by appellant that he would file a Motion for New Trial, without his actual assertion of the right, is insufficient. Appellant has not been denied due process of law. We overrule his third point of error.

We shall address points of error four and five together. Appellant argues in these points that he was denied the reasonably effective assistance of counsel guaranteed him by Article I, Sec. 10, of the Texas Constitution and the Sixth Amendment to the United States Constitution; and that such ineffective assistance of counsel deprived him of due process of law under Article I, Sec. 19, of the Texas Constitution and the Fourteenth Amendment to the United States Constitution. As a basis for his argument, appellant cites several examples of allegedly ineffective assistance by his trial counsel, among which are the following: Only two motions (motion for pretrial discovery and motion for jury assessment of punishment) were filed by counsel; a hearing on the discovery motion was not recorded; there was no hearing to determine if the complainant's in-court identification had been tainted by the photo lineup; and the defense testimony of two Houston Police Department officers supposedly bolstered the State's case.

■  Claims of ineffective assistance of counsel must be analyzed in light of the two-pronged test enunciated by the United States Supreme Court in *Strickland v. Washington:*

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

The standard by which counsel's performance is judged is well established as that of "reasonably effective assistance" rather than errorless counsel. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064; *Farrar v. State,* 701 S.W.2d 32, 35–36 (Tex.App.— Houston [14th Dist.] 1985, pet. ref'd). In order to prevail, appellant must first demonstrate that counsel's performance was not "reasonably effective" as construed by the Supreme Court and our courts. *Strickland,* 466 U.S. at 683, 104 S.Ct. at 2062. Second, appellant must affirmatively show that he was prejudiced by counsel's errors. *Ingham v. State,* 679 S.W.2d 503, 509 (Tex.Crim.App.1984); *Carr v. State,* 694 S.W.2d 123 (Tex.App.—Houston [14th Dist.] 1985, no ref'd).

■ In examining appellant's claim, we must base our inquiry on whether his counsel's assistance was reasonable considering all the circumstances. In so doing we must also indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland,* 466 U.S. at 680, 687– 688, 104 S.Ct. at 2064–2065. Keeping these standards of totality of representation and judicial deference in mind, we fail to find that the actions of appellant's counsel amounted to ineffective assistance of counsel.

■ Appellant contends that trial counsel filed only two motions on his behalf. However, nowhere does appellant indicate which additional motions were needed; nor has he shown harm by a failure to file other motions. Likewise he has demonstrated no prejudice by counsel's failure to have the motion for discovery recorded nor by the lack of a hearing on possible tainting of the photo lineup. Upon review of the record, we are not convinced that the result of the proceeding would have probably been different had counsel performed as appellant now contends. Appellant maintains the State's case was bolstered through police officer testimony elicited by his counsel. Whether counsel's trial strategy aided the State's case or not is purely speculative, since the testimony also reflects investigative gaps on the part of the police.

■ The fact that other counsel may have managed this case differently is not proof of ineffective assistance of counsel. We therefore decline to second-guess, using the benefit of hindsight, whether counsel's trial strategy decisions were wisely made. *Passmore v. State,* 617 S.W.2d 682, 686 (Tex.Crim.App.1981); *Farrar,* 701 S.W.2d at 36. It is worthy of note, however, that the jury in this case remained deadlocked on the issue of appellant's guilt for over six hours.

We hold that appellant has received reasonably effective assistance of counsel as guaranteed by the United States and Texas Constitutions. We overrule appellant's fourth and fifth points of error.

■ In his sixth point of error, appellant asserts that the condition of probation ordering him to perform twenty (20) hours of community-service per month is vague and uncertain and must be set aside. Appellant maintains that since the trial court did not specify a total number of hours, he could be forced to perform 2400 hours during his period of probation, exceeding the legal limit by 1600 hours. Tex.Code Crim.Proc. Ann. art. 42.12, sec. 10A(d)(2) (Vernon Supp.1986). However, the record reflects that the court orally informed appellant both of his community-service obligation and of the fact that "this Court may at any time amend, modify or alter these conditions of probation." Condition of Probation (K), signed by appellant, sets appellant's community-service obligation at twenty hours per month "for the duration of probation *or until discharged by the Court."* (emphasis added). Appellant has apparently overlooked or misinterpreted the final phrase, "or until discharged by the Court." The trial court is well aware

of the statutory limit of 800 hours imposed on appellant's community-service obligation and can discharge appellant by modifying the condition at an appropriate time. However, a better practice would be for the trial court to set a definite number of community-service hours at the time of formal sentencing. We hold this condition to be neither vague nor uncertain and overrule the sixth point of error.

Appellant maintains in his final point of error that the judgment and condition of probation ordering him to pay his ten-thousand-dollar ($10,000) fine at the rate of two hundred dollars ($200) per month must be reformed to comport with the trial court's oral order at the time of sentencing. The record reflects that in the Judgment the rate of payment was set at two hundred dollars ($200) per month, while the oral sentencing order set the rate at one hundred dollars ($100) per month. The "Conditions of Probation," signed by appellant reflect a rate of payment of two hundred dollars ($200) per month.

Reformation is inappropriate where there is conflicting evidence as to the terms of the judgment. This court has followed the Court of Criminal Appeals in holding that written orders control over conflicting oral statements on appeal. This is particularly so where the written order is included in the appellate record without objection, as in this case. *Balli v. State,* 530 S.W.2d 123, 125 (Tex.Crim.App.1975); *Ablon v. State,* 537 S.W.2d 267, 269 (Tex. Crim.App.1976); *Eubanks v. State,* 599 S.W.2d 815, 817 (Tex.Crim.App.1980); *Harper v. State,* 675 S.W.2d 529 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd); *Henderson v. State,* 681 S.W.2d 173 (Tex. App.—Houston [14th Dist.] 1984, pet. ref'd). We therefore hold that since the written judgment is controlling it will not be reformed. Appellant's seventh point of error is overruled.

The judgment of the trial court is affirmed.