Billy G. LACY, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–89–247–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 28, 1989.

Lana Gordon, Houston, for appellant.

Cheryl Boyd, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and DRAUGHN, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

A jury convicted appellant Billy G. Lacy (appellant or Lacy) of delivery of a controlled substance, crack cocaine. Appellant pled true to two enhancement paragraphs, and the jury assessed punishment at ninety-nine (99) years' confinement at the Texas Department of Corrections. Appellant brings two points of error. For the reasons discussed below, we affirm the court's judgment.

On January 14, 1989, undercover narcotics officers observed appellant in a strip shopping center located at 3800 Faulkner in Houston, Texas. After a short conversation between the officers and appellant, Lacy led the officers to an apartment complex where the agents completed a drug transaction with an unknown third party. The unknown party delivered the cocaine to the officers and received a twenty dollar payment from them. Although Lacy requested a sample of the cocaine from the officers, he did not physically deliver the drugs to the agents nor did he physically receive any money from the officers for his services. Lacy was subsequently arrested and indicted for intentionally and knowingly delivering a controlled substance by actual transfer to the undercover policeman.

In his first point of error appellant contends that evidence was insufficient to sustain a conviction for actual delivery of a controlled substance. We do not agree.

■ Under the Controlled Substances Act, delivery of a controlled substance may be accomplished through actual transfer, constructive transfer, or offer to sell. *Conaway v. State,* 738 S.W.2d 692, 694 (Tex.Crim.App.1987) (citations omitted); *see* TEX.CIV.STAT.ANN. art. 4476–15 § 1.02(7).

As a matter of law, these methods of delivery are mutually exclusive. *Conaway,* 738 S.W.2d at 694. In the instant case the State chose to indict appellant for actual delivery of the cocaine, abandoning a prior allegation of constructive delivery.

■ Appellant relies heavily on the Court of Criminal Appeals' decision in *Conaway v. State,* 738 S.W.2d at 692, to support his claim of error. According to the court, "actual delivery" requires a complete transferral of the real possession and control of a controlled substance from one person to another. *Id.* at 695. Surrounding circumstances and participation in the negotiations of the transfer do not convert what is "constructive delivery" to "actual delivery." *Id.* Since the jury charge in *Conaway* did not include an instruction on constructive delivery, the trial court's decision was reversed and remanded. *Id.* However, unlike the jury charge in the instant case, the jury charge in *Conaway* did not include an instruction on parties.

The Texas Penal Code states that a party may be criminally responsible for an offense if while "acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid" another person commit an offense. TEX.PENAL CODE ANN. §§ 7.01 & 7.02(a)(2) (Vernon 1974). According to the *Conaway* court, the defendant could have been convicted of actual delivery had the law of parties been invoked and applied to the case. *Conaway,* 738 S.W.2d at 694. Therefore, the trial court in the instant case could convict Lacy of actual delivery of the controlled substance if sufficient evidence existed to show that the unknown participant committed the offense and appellant encouraged, directed, or aided him in the commission of that offense. We conclude that sufficient evidence does exist.

■ In reviewing an appeal challenging the sufficiency of evidence, the evidence must be viewed in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 309, 99 S.Ct. 2781, 2783, 61 L.Ed.2d 560 (1979); *Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Crim.App.1988). In *Moreno,* the Court of Criminal Appeals added that an appellate court "is never to make its own myopic determination of guilt from reading the cold record." *Moreno,* 755 S.W.2d at 867. Instead, "a verdict must stand unless it is found to be irrational or unsupported by more than a 'mere modicum' of the evidence." *Id.*

■ One of the undercover agents testified that the unknown third party completed the drug transaction in appellant's company and with his assistance. Presence at the scene of the crime when viewed alone is insufficient to sustain conviction; however, when coupled with other evidence of participation in the criminal activity, presence may be sufficient to convict an individual as a party to the offense. *Jimenez v. State,* 739 S.W.2d 499, 502 (Tex.App.—Corpus Christi 1987, pet. ref'd). Appellant's participation and aid in the third party's criminal activity are adequately documented in the record to support a finding of guilt by rational trier of fact; therefore, we overrule appellant's first point.

In his second point of error the appellant claims that the court erred in charging the jury on constructive delivery when the state had previously elected to proceed on actual delivery only. We disagree.

■ Appellant did not object to the jury charge definition of "delivery" at the trial level. Had appellant properly preserved error at the trial level, any harm would have been sufficient to support reversal of the conviction. *Gibson v. State,* 726 S.W.2d 129, 132 (Tex.Crim.App.1987); *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (*on reh'g*), *cert. denied,* 481 U.S. 1019, 107 S.Ct. 1901, 95 L.Ed.2d 507 (1987). In the absence of a proper trial objection, however, an appellant may obtain a reversal only if the error was "fundamental" and so egregious as to prevent him from having a fair and impartial trial. *Gibson,* 726 S.W.2d at 132; *Almanza,* 686 S.W.2d at 171. We do not find that the applied definition of "delivery"

caused egregious harm sufficient to support reversal.

The State chose to indict appellant for *actual* delivery of the cocaine. However, the jury charge defined "delivery" as the "*actual or constructive* transfer from one person to another of a controlled substance, whether or not there is an agency relationship." (emphasis added). The Court of Criminal Appeals has stated that when the jury charge substitutes a theory of the offense completely different from the theory alleged in the indictment, fundamental error occurs. *Cumbie v. State*, 578 S.W.2d 732, 733 (Tex.Crim.App.1978); *see also Daniels v. State*, 674 S.W.2d 388, 390–91 (Tex.App.—Austin 1984) *aff'd in part and reformed ·in part*, 754 S.W.2d 214 (Tex.Crim.App.).

It is arguable had the "delivery" definition stood alone in the jury charge, its improper meaning might have supported fundamental error, even though broad definitions do not generally generate reversible error. *Jones v. State*, 576 S.W.2d 393, 394 (Tex.Crim.App.1979). In the instant case, however, the charge subsequently required the jury to find beyond a reasonable doubt that the Long "intentionally or knowingly deliver[ed] by *actual transfer*" a controlled substance to A.L. Watkins, one of the undercover police officers. (emphasis added). This instruction limited the application of the term "delivery" to a meaning consistent with the charge put forth in the indictment.

The circumstances of appellant's trial directly parallel those of *Pulgarin v. State*, 635 S.W.2d 195 (Tex.App.—Houston [1st Dist.] 1982, no pet.). In *Pulgarin* the court determined that the part of the jury charge which applies the law to the facts, not broad definitions, determines reversible error. *Id.* at 197 (citations omitted). Here, as in *Pulgarin*, the portion of the jury charge which applied the law to the facts required "actual transfer" of the drugs. The *Pulgarin* court held that expansive, preliminary definitions do not override the specificity of subsequent portions of the charge. We agree with the conclusions of the First District Court of Appeals and overrule appellant's second point.

Since appellant has not established any error by the trial court, we affirm that court's judgment.