IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-93-489-CR




LESTER YETT,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT



NO. 6825, HONORABLE CLAYTON E. EVANS, JUDGE PRESIDING


 





PER CURIAM

 Appellant pleaded guilty and judicially confessed to the offense of theft by receiving
stolen property. Tex. Penal Code Ann. § 31.03 (West 1989 & Supp. 1994). (1) The district court
found that the evidence substantiated appellant's guilt, deferred adjudication, and placed appellant
on probation. At a later hearing on the State's motion, the court revoked probation, adjudicated
appellant guilty, and assessed punishment at imprisonment for seven years. 

 In his first point of error, appellant contends his guilty plea was involuntary
because he did not receive effective assistance of counsel at the time of the plea. Specifically,
appellant contends that his lawyer failed to inform him that he was waiving his right to trial in the
proper venue. As appellant explains it in his brief, the property was stolen during a burglary in
Burnet County but he received the stolen property in Travis County. (2) According to appellant, he
never possessed the stolen goods in Burnet County. He asserts that this cause should have been
tried in Travis County and that his lawyer was ineffective for failing to explain this to him before
trial. See Tex. Code Crim. Proc. Ann. art. 13.08 (West 1977).

 The indictment alleges the offense occurred in Burnet County. At the time he
pleaded guilty, appellant testified that all the allegations in the indictment were true and that he
was guilty as charged. At the hearing on the State's motion to adjudicate, appellant testified that
the indictment does not accurately allege the place of the offense and that he did not understand
what he was saying at the original proceeding. The lawyer who originally represented appellant
was not called to testify. On this record, appellant has failed to demonstrate that venue was
improper. Because his ineffectiveness claim is based on that assumption, it necessarily fails. 
Point of error one is overruled.

 Appellant's remaining points of error assert that the deferred adjudication statute
is unconstitutional because it does not allow an appeal from the decision to proceed to an
adjudication of guilt. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 1994). The
right to appeal is a statutory right solely within the province of the legislature. Lemmons v. State,
818 S.W.2d 58, 62 (Tex. Crim. App. 1991). The Court of Criminal Appeals has consistently
stated that no appeal lies from the decision to adjudicate. Olowosuko v. State, 826 S.W.2d 940
(Tex. Crim. App. 1992); Williams v. State, 592 S.W.2d 931 (Tex. Crim. App. 1979). 

 Appellant argues that section 5(b) denies equal protection to persons placed on
deferred adjudication probation because their inability to appeal the decision to adjudicate means
that their probation can be arbitrarily and capriciously revoked. See Olowosuko, 826 S.W.2d at
942 (Overstreet, J., concurring). We disagree. Section 5(b) does not give district courts the right
to revoke deferred adjudication probation in an arbitrary, capricious, or unconstitutional manner. 
The statute merely requires the defendant to seek redress through a vehicle other than direct
appeal. Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992). 

 Appellant bases his equal protection claim on three alleged errors he contends
would entitle him to a reversal if this were an appeal from the revocation of ordinary probation. 
First, appellant contends that if he were allowed to appeal the decision to adjudicate, he could
demonstrate that the grounds alleged in the motion to proceed to adjudication were barred by
collateral estoppel. The State alleged and the court found that appellant violated the terms of his
probation by failing to report to his probation officer, by failing to pay fees, costs, and restitution,
and by failing to perform community service. These violations also were alleged in an earlier
motion to proceed to adjudication, but that motion was withdrawn by the State after appellant
agreed to a modification of the conditions of probation. Collateral estoppel will not bar revocation
of probation on the basis of facts not before litigated. Ex parte Byrd, 752 S.W.2d 559, 563 (Tex.
Crim. App. 1988). Because the allegations contained in the original motion were not litigated,
appellant's collateral estoppel claim is without merit.

 Appellant next contends that if he were allowed to appeal the decision to adjudicate,
he could show that he did not have the ability to pay the fees and costs ordered. Article 42.12,
§ 21(c). Appellant testified that he was employed for only brief periods while on probation. 
Appellant did not testify, however, that he was unable to work. To the contrary, appellant
admitted that he voluntarily left a job. On this record, appellant did not establish the affirmative
defense of inability to pay. Even if appellant had proved his inability to pay the fees and costs,
the district court found other violations of the conditions of probation that would support the
decision to revoke. Moses v. State, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

 Finally, appellant contends that if he were allowed to appeal the decision to
adjudicate, he could demonstrate that there was no factual basis for the amount of restitution he
was ordered to pay as a condition of probation. See Cartwright v. State, 605 S.W.2d 287, 289
(Tex. Crim. App. 1980). The record reflects, however, that appellant agreed to the amount of
restitution as part of a plea bargain. See Jackson v. State, 720 S.W.2d 153, 155 (Tex.
App.--Houston [14th Dist.] 1986, pet. ref'd). And again, the other violations of the conditions of
probation found by the district court would sustain the revocation order even if appellant's failure
to pay restitution were disregarded.

 Appellant has failed to demonstrate that the decision to revoke his probation and
proceed to adjudication was arbitrarily or capriciously made, or that he could have successfully
appealed the revocation had he been on ordinary probation. Section 5(b) has not been shown to
have denied appellant equal protection of the law. Points of error two, three, four, and five are
overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and Jones

Affirmed

Filed: May 11, 1994

Do Not Publish


1.   The amendments to § 31.03 since the commission of this offense are irrelevant to the
appeal.
2.   It was stipulated at trial that appellant sold one of the stolen items, a rifle, at an Austin
pawn shop.