Carl Jeffrey Davis v. State














 
IN THE
TENTH COURT OF APPEALS
 

No. 10-97-354-CR

     CARL JEFFREY DAVIS,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 16th District Court
Denton County, Texas
Trial Court # F-96-0909-A
                                                                                                                

O P I N I O N
                                                                                                                

      Appellant appeals his conviction for delivery of cocaine (more than 4 but less that 200 grams),
enhanced by two prior felony convictions, for which he was sentenced to 50 years in the
Institutional Division of the Department of Criminal Justice, and a $10,000 fine.
      Officer Johnson, an undercover police officer on a narcotics task force, was informed of a
man from whom she could buy drugs. Officer Johnson contacted the man, Mike Wilson, and he
agreed to take Johnson to a location to buy an ounce of crack cocaine.
      Johnson followed Wilson in a separate car to a house on Avenue C in Denton. Two other
undercover officers, Haley and Lovin, accompanied Johnson. All three went into the house.
      Inside the house Wilson and the officers met a black female named Cynthia and Appellant. 
Appellant was walking back and forth looking out the windows to see if anyone was approaching
the house. Officer Johnson testified Appellant's activities were "counter surveillance."
      Wilson left, leaving Cynthia, Appellant, and the three officers in the room. With Appellant
in the room, officer Johnson discussed buying an ounce of crack cocaine from Cynthia.
      Appellant was a strong and powerful man; Cynthia was a small woman. Officer Johnson
concluded that Appellant was present to provide security for Cynthia in case something went
wrong.
      Appellant said to Cynthia concerning the sale of the cocaine, "Quit with the dumb shit, come
on, let's do the deal." Then Appellant, still impatient with Cynthia, told her again to “do the
deal."
      Soon thereafter, Officer Haley drove Officers Johnson and Lovin, Cynthia and Appellant to
an apartment on the other side of Denton, where the cocaine was kept. Appellant voluntarily went
with the group, knowing the purpose of the trip.
      Appellant sat in the front seat with Officer Haley and gave Haley directions to the apartment. 
Haley asked Appellant about Cynthia's reputation as a dealer. Appellant replied that Cynthia had
a good reputation, she delivered a good product, and that Haley would like the cocaine.
      When they reached the apartment, and while still in the car, Cynthia told Officer Johnson the
price would be $900. Appellant heard the conversation and witnessed Johnson give the money
to Cynthia.
      Cynthia then left the others and went into the apartment to get the cocaine. When she
returned she handed the cocaine to Officer Johnson stating that the amount was not what they had
bargained for and gave Johnson back $150. After that the five returned to the house on Avenue
C. Appellant and Cynthia went back into the house.
      The cocaine delivered to Johnson tested out to be 10.72 grams of cocaine.
      Appellant was charged under the law of parties and was found guilty by the jury. At the
punishment phase, Appellant pled "true" to the two prior felony convictions. Additionally, the
State proved up that Appellant had prior convictions for theft, DWLS, UUMV, possession of
marihuana, burglary and assault. The jury assessed Appellant's punishment at 50 years in prison
and a fine of $10,000.
      Appellant appeals on two points of error:
            1.   The evidence is legally insufficient to support the verdict of guilty.
            2.   The evidence is factually insufficient to support the jury's verdict of
guilty.
      Specifically, Appellant asserts that there is insufficient evidence that he participated either 
directly or as a party in the delivery of cocaine to Johnson.
      The standard of review for legal sufficiency of the evidence is whether, after viewing the
evidence in the light most favorable to the prosecution, any rational trier of fact could find the
essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307
(1979); Williams v. State, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996). If there is any evidence
that could establish guilt beyond a reasonable doubt, the conviction is not subject to reversal. 
Anderson v. State, 871 S.W.2d 900, 902 (Tex. App.—Houston [1st Dist.] 1994, no pet.).
      In reviewing a factual insufficiency challenge, we view all the evidence without the prism,
"in the light most favorable to the prosecution." Clewis v. State, 922 S.W.2d 126, 129 (Tex.
Crim. App. 1996). Thus, the reviewing court may consider the testimony of defense witnesses
and any alternative hypothesis raised by the evidence. Clewis at 135. However, the reviewing
court is not authorized to substitute its judgment for that of the factfinder. Clewis at 133. The
reviewing court sets aside the verdict "only if it is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. Clewis at 135; Cain v. State, 958 S.W.2d 404, 407
(Tex. Crim. App. 19979).
      Appellant was charged under the law of parties. A person may be held criminally responsible
as a party if the offense committed is the result of the conduct of another actor for whom he is
criminally responsible. Tex. Penal Code, § 7.01(a). In order to be criminally responsible for
the conduct of another actor, the person must, while acting with intent to promote or assist the
commission of the offense, encourage, direct, and/or attempt to aid the other actor in the
commission of the offense. Tex. Penal Code, § 7.02(a)(2).
      In the context of the law of parties, the evidence is considered sufficient when the suspect is
physically present at the scene of the crime and aids or encourages the commission of the crime
by words or other agreement. Burdine v. State, 719 S.W.2d 309, 315 (Tex. Crim. App. 1986).
      Although mere presence at the scene of an offense by itself is insufficient to support a
conviction under the law of parties, it may be enough to prove guilt when combined with other
circumstances. Beardsley v. State, 738 S.W.2d 681, 685 (Tex. Crim. App. 987); Lacy v. State,
782 S.W.2d 556, 558 (Tex. App.—Houston [14th Dist.] 1989, no pet.).
      It is undisputed that Cynthia delivered 10.72 grams of crack cocaine to Officer Johnson. 
Appellant asserts that the evidence is legally and factual insufficient to prove that he was a party
to the offense.
      The evidence established that Appellant was present at the scene of the offense, had
knowledge of the offense, and that he aided and encouraged the commission of the offense. The
jury was entitled to infer and believe that Appellant was performing “counter-surveillance” when
the officers met Cynthia at the house on Avenue C. This insured that the buyers did not bring
anyone else to the scene.
      Further, Appellant told Cynthia twice to get along with the transaction and consummate the
deal, thereby, allowing the jury to conclude and believe that he was encouraging her to commit
the offense. And since Appellant was much larger and much stronger than Cynthia, the jury was
authorized to believe that he also served as security in case the transaction turned violent.
      Appellant accompanied Cynthia and the officers from the house on Avenue C all the way
across town with knowledge of the reason for the trip. He gave Officer Haley, the driver,
directions to the apartment where the cocaine was kept. Appellant told Haley that Cynthia sold
quality cocaine and that she would like the product.
      Based on the totality of the circumstances before and during the transaction, we hold that the
evidence is both legally and factually sufficient to convict Appellant as a party to the offense of
delivery of cocaine.
      Points 1 and 2 are overruled. The judgment is affirmed.
                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Justice Vance,
      Justice Gray and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed February 10, 1999
Do not publish