In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00207-CR
______________________________


JERMAINE DONTE MURPHY, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 276th Judicial District Court
Titus County, Texas
Trial Court No. CR14509


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

          Jermaine Donte Murphy appeals his conviction for possession of a controlled
substance, namely cocaine, in an amount greater than four hundred grams. The State
charged Murphy with two offenses arising out of a traffic stop. In addition to possession
of a controlled substance, Murphy was charged with possession of drug paraphernalia in
justice court. Before trial on the possession of a controlled substance charge, Murphy filed
a motion to suppress and a motion to dismiss the indictment based on the doctrine of
collateral estoppel. Murphy alleged he had been acquitted of possession of drug
paraphernalia and the justice court found the State failed to prove reasonable suspicion
for the detention. After the trial court denied the motions, Murphy pled guilty to possession
of a controlled substance. A jury assessed punishment at ten years' imprisonment. 
Murphy's sole issue on appeal is whether the trial court erred in denying the motion to
suppress evidence and the motion to dismiss the indictment based on collateral estoppel. 
We affirm the judgment of the trial court.
Background
          Charles Cannon, a state trooper with the Texas Department of Public Safety,
stopped Murphy on Interstate 30 in Titus County for exceeding the speed limit. Cannon
testified that he "clocked" Murphy traveling at seventy-three miles per hour along a section
of the interstate with a sixty-five-mile-per-hour speed limit. During the traffic stop, Cannon
detected a strong odor of marihuana emanating from the vehicle. Murphy consented to
a search of his vehicle, which discovered a cigar suspected of containing marihuana, a
small bag of marihuana, and approximately a kilogram of cocaine. Cannon ticketed
Murphy for possession of drug paraphernalia and arrested Murphy for possession of a
controlled substance, the cocaine.
          On June 14, 2005, the trial court held a pretrial hearing concerning Murphy's motion
to suppress and motion to dismiss the possession of a controlled substance charge. At
the hearing, Murphy introduced a judgment of acquittal on the drug paraphernalia charge
by the justice court, Place 1 of Titus County. In the judgment, the justice court found there
was no evidence Murphy was speeding. Both sides agree that Cannon failed to appear
for trial in justice court,


 but the State contends the case was dismissed and did not
proceed to trial. In support of this argument before the trial court, the State introduced the
testimony of Judge Leo Schakel, the Justice of the Peace who signed the judgment of
acquittal. Judge Schakel testified that, although he did not remember this case, he
believed the case was dismissed because his clerk noted "dismissed in court" on the back
of the ticket. The district court denied the motion to suppress and motion to dismiss the
indictment. 
          According to Murphy, the evidence should be suppressed


 because the issue of
whether Cannon legally detained Murphy was litigated in justice court. Because the justice
court found there was no evidence of speeding, Murphy contends the fact issue of whether
he was exceeding the speed limit cannot be relitigated. 
          Collateral estoppel, or issue preclusion, in the criminal context has its origins in the
Double Jeopardy Clause.


 See Ashe v. Swenson, 397 U.S. 436, 445–46 n.10 (1970). 
However, double jeopardy and collateral estoppel are not identical doctrines. Ex parte
Watkins, 73 S.W.3d 264, 267 (Tex. Crim. App. 2002). Under the doctrine of collateral
estoppel, once an issue of ultimate fact has been determined by a valid final judgment, that
fact cannot be relitigated between the same parties in any future proceeding relating to the
same incident. Ashe, 397 U.S. at 445–46; see Dowling v. United States, 493 U.S. 342,
348 (1990); Shaffer v.State, 477 S.W.2d 873, 875 (Tex. Crim. App. 1971). The doctrine
of collateral estoppel is based on the policy to avoid requiring a defendant "from having to
'run the gantlet' [sic] a second time." Ashe, 397 U.S. at 446. Collateral estoppel should
provide broader protection than double jeopardy. See Ex parte Taylor, 101 S.W.3d 434,
440 (Tex. Crim. App. 2002). The State argues the issue of speeding was not litigated, the
drug paraphernalia case was dismissed, the drug paraphernalia case is not final, and the
ruling on the motion to suppress is not an essential element of the offense.


 
          We conclude the State did not rebut the presumption the justice court's judgment
was valid, the issue of reasonable suspicion was litigated, and the prior proceeding was
final. However, collateral estoppel does not apply to this case because the justice court's
ruling on speeding was not a ruling on an essential element of the offense. Therefore, the
trial court did not abuse its discretion in denying the motion to suppress and motion to
dismiss.
The State Failed to Overcome Presumption Justice Court's Judgment Was Valid
          The first issue in this case is whether Murphy's drug paraphernalia charge resulted
in an acquittal or a dismissal. The justice of the peace signed a findings of fact judgment
of acquittal, which the defense introduced into evidence.


 The signed judgment provided
as follows:
On the 17th day of November, 2004 this case came to be heard. The
State and Defendant announced ready for trial.

I.
 
The Defendant waived his right to a jury and proceeded to have a trial
before the court.

II.
 
The Defendant was cited for possession of drug paraphernalia on or
about January 31, 2004 by DPS Trooper Charles Cannon as demonstrated
by the attached copy of the citation G044135 in Titus County, Texas. (Exhibit
A)

III.
 
The State failed to produce evidence of speeding on January 31,
2004 that gave rise to the stop and search of the defendant and the vehicle
he was driving. The State failed to produce evidence that the defendant
consented to the search of the vehicle he was driving on January 31, 2004. 
Furthermore, the State failed to produce evidence that affirmatively linked
the defendant with the alleged drug paraphernalia.


IV.
 
Because there was no evidence produced that there was probable
cause to stop the defendant, that the defendant consented to a search of his
vehicle or that affirmatively linked the defendant to the alleged drug
paraphernalia, the defendant is hereby acquitted.

Although Judge Schakel testified he did not remember this case or whether the officer
appeared for trial, he also testified he believed the case was dismissed.


 Judge Schakel
testified his clerk wrote "dismissed in court" on the back of the ticket and that "about the
only time" he dismisses a case is if the officer fails to show up. When asked if it was
possible the case went to trial, Judge Schakel testified the case "wouldn't have gone that
far" if the officer failed to appear. Judge Schakel did admit, though, that the State did not
file a motion to dismiss


 and that the signature on the judgment was his signature. 
          Provided a judgment is valid on its face, there exists a presumption that the
judgment was correct. 48 Tex. Jur. 3d Judgments § 303 (1998); see Thompson v. State,
108 S.W.3d 287, 292 (Tex. Crim. App. 2003). Further, written orders generally control over
oral statements. See Eubanks v. State, 599 S.W.2d 815, 817 (Tex. Crim. App. [Panel Op.]
1980); Ablon v. State, 537 S.W.2d 267, 269 (Tex. Crim. App. 1976); Jackson v. State, 720
S.W.2d 153, 158 (Tex. App.—Houston [14th Dist.] 1986, pet. ref'd); Henderson v. State,
681 S.W.2d 173 (Tex. App.—Houston [14th Dist.] 1984, pet. ref'd); Harper v. State, 675
S.W.2d 529 (Tex. App.—Houston [14th Dist.] 1983, pet. ref'd). The State's evidence failed
to rebut the presumption of validity. 
The Issue Of Reasonable Suspicion Had Been Litigated
          The State argues, because no evidence was presented in the justice court, nothing
was litigated. We disagree. The fact that a party wholly fails to meet its burden of proof
does not prevent an issue from being litigated. The issue is whether the State had an
opportunity to present evidence on the issue and whether the issue was determined by the
fact-finder.
          The State cites State v. Approximately $2,000,000.00 in United States Currency,
822 S.W.2d 721, 725 (Tex. App.—Houston [1st Dist.] 1991, no writ), in support of its
argument that the issue was not litigated at the trial level. In that case, the First District
Court of Appeals held that, because the prior suit was dismissed for want of jurisdiction,
it was clear the actual owner of the property was not determined. Id. This case presents
an entirely different scenario. The judgment clearly indicates the issue of speeding was
decided.
          Simply because the State has evidence proving the result of the justice court was
erroneous, does not prevent the issue from being litigated.


 Collateral estoppel cannot be
defeated by "new or different evidence to support the same issue already litigated." Taylor,
101 S.W.3d at 441. The State had the opportunity to present evidence at the justice court
level and the issue was decided by the fact-finder. Thus, the issue of speeding was
litigated. See Jaime v. State, 81 S.W.3d 920, 926–27 (Tex. App.—El Paso 2002, pet.
ref'd) (collateral estoppel applied when no evidence presented in prior community
supervision revocation hearing).
Justice Court's Judgment Was Final
          The State also argues that the judgment does not bar relitigation because a
dismissal is not a valid final judgment.


 As discussed above, the State failed to rebut the
presumption that the written judgment was valid. The State does not argue the acquittal
was on appeal or otherwise not final. While there is authority that a dismissal is not final
for the purposes of collateral estoppel,


 this case is an acquittal rather than a dismissal. 
Therefore, the judgment is final.
The Justice Court's Ruling on Speeding Was Not a Ruling on an Essential Element
          The Texas Court of Criminal Appeals has held that, to determine whether collateral
estoppel bars a subsequent prosecution (or permits prosecution but bars relitigation of
certain specific facts), courts should apply a two-step analysis to determine: 1) exactly
what facts were "necessarily" decided; and 2) whether those "necessarily decided" facts
constitute essential elements of the offense in the second trial.


 Taylor, 101 S.W.3d at
440; Husain v. State, 161 S.W.3d 642, 650 (Tex. App.—San Antonio 2005, pet. ref'd);
Campbell v. State, 118 S.W.3d 788, 794–95 (Tex. App.—Houston [14th Dist.] 2003, pet.
denied); cf. Long v. State, 130 S.W.3d 419, 426 (Tex. App.—Houston [14th Dist.] 2004,
no pet.) (failed to object and not unconstitutional on its face). The essential elements of
possession of a controlled substance are: 1) the defendant exercised actual care, control,
and management over the contraband; and 2) the defendant knew the substance in his
possession was contraband. Wallace v. State, 955 S.W.2d 148, 150 (Tex.
App.—Beaumont 1997, no pet.); see Tex. Health & Safety Code Ann. § 481.115(f)
(Vernon 2003). "Possession" is defined as actual care, custody, control, or management. 
Tex. Pen. Code Ann. § 1.07(a)(39) (Vernon Supp. 2005). Because the determination of
whether the arresting officer had reasonable suspicion to detain Murphy does not concern
an essential element of the offense, collateral estoppel does not apply.


 See Husain, 161
S.W.3d at 650; Campbell, 118 S.W.3d at 795. 
Conclusion
          Murphy introduced into evidence a signed judgment of acquittal, which appears to
be valid on its face. The judgment is presumed to be valid and the State failed to rebut the
presumption of validity. Because the State had the opportunity to present evidence
concerning whether Murphy was speeding and the justice court determined the issue, the
issue of speeding was determined in the prior proceeding. In addition, the prior proceeding
was final. However, collateral estoppel does not apply to this case because the justice
court's ruling on speeding was not a ruling on an essential element of the offense. 
Therefore, the trial court did not abuse its discretion in denying Murphy's motion to
suppress and motion to dismiss. 
          For the reasons stated, we affirm the judgment.



                                                                Donald R. Ross
                                                                Justice
 
Date Submitted:      June 14, 2006
Date Decided:         July 13, 2006

Publish